```
FILED      ___ LODGED
RECEIVED   ___ COPY

   SEP 1 8 2005

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ E DEPUTY
```

1  Scott J. Ferrell, SBN 202091
2  Julie R. Trotter, SBN 209675
   CALL, JENSEN & FERRELL
3  A Professional Corporation
   610 Newport Center Drive, Suite 700
4  Newport Beach, CA  92660
   (949) 717-3000
5  sferrell@calljensen.com
   jtrotter@calljensen.com
6
7  Attorneys for Defendants TRIPLE STAR, INC. DBA 7-ELEVEN
   and FIFTH STEVENSON PROPERTIES CORP.
8
9                  UNITED STATES DISTRICT COURT
10                 SOUTHERN DISTRI**MC05-0102PHX**
11

| | |
|---|---|
| 12  GYPSIE JONES, | Case No.  04 CV 2186 JM (POR) |
| 13        Plaintiff, | **NOTICE OF DEPOSITION OF LINDA J. ADAMS** |
| 14   vs. | |
| 15  TRIPLE STAR, INC. dba 7-ELEVEN; | Date:  September 26, 2005 |
| 16  FIFTH STEVENSON PROPERTIES | Time:  1:00 p.m. |
|     CORP.; and DOES 1 through 10, | Place: AA Nichols Reporting |
| 17                            |        2607 North Hayden Rd. |
|                               |        Scottsdale, AZ  85257 |
| 18        Defendants. | |
| 19 | |
| 20 | Complaint Filed:  October 30, 2004 |
|    | Trial Date:      January 9, 2006 |

22  **TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

23        **PLEASE TAKE NOTICE** that, pursuant to Rule 30 of the Federal Rules of
24  Civil Procedure, Defendants Triple Star, Inc. and Fifth Stevenson Properties Corp., Inc.,
25  by and through its counsel of record, will take the deposition of Linda J. Adams on
26  **September 26, 2005**, commencing at **1:00 p.m.**, at AA Nichols Reporting, 2607 North
27  Hayden Road, Scottsdale, AZ  85257. The deposition shall be taken stenographically

28
CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

SEV02-05:165577_1:9-12-05                    - 1 -
                      NOTICE OF DEPOSITION OF LINDA J. ADAMS

1  and shall be conducted under the supervision of an officer who is authorized to
2  administer an oath.

3      The deposition, if not completed on the noticed date, shall be continued, if
4  necessary, from day to day thereafter, excluding weekends and holidays, until
5  completed, unless counsel for the noticing party wishes the deposition to be completed
6  at a later date, in which case a mutually agreeable date shall be selected between
7  counsel for the parties.

8

9      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Rule 30 (b) (2) of the
10  Federal Rules of Civil Procedure, Defendants intend to utilize a stenographic method of
11  recording which permits the "real time" instant visual display of testimony.

12

13      **PLEASE TAKE FURTHER NOTICE** that, in addition to recording the
14  deposition by the stenographic method, the deposition may also be taken by means of
15  videotape recording pursuant to Rule 30 (b) (2) of the Federal Rules of Civil Procedure.
16  Defendants reserve the right to use at the trial of this action the videotape recording of
17  the deposition of the deponent.

18

19

20  Dated: September 8, 2005      CALL, JENSEN & FERRELL
21      A Professional Corporation
    SCOTT J. FERRELL
22      JULIE R. TROTTER

23

24      By: *Julie R Trotter*
25      Julie R. Trotter

26      Attorneys for Defendants TRIPLE STAR, INC.
    dba 7-ELEVEN and FIFTH STEVENSON
27      PROPERTIES CORP.

28

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

SEV02-03:165577_1:9-8-05

- 2 -

NOTICE OF DEPOSITION OF LINDA J. ADAMS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On September 12, 2005, I served the foregoing document described as **NOTICE OF DEPOSITION OF LINDA J. ADAMS** on the following person(s) in the manner indicated:

**SEE ATTACHED SERVICE LIST**

[ X ] (BY MAIL) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope, with postage fully prepaid, addressed as set forth herein, and such envelope was placed for collection and mailing at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FEDEX) I am familiar with the practice of Call, Jensen & Ferrell for collection and processing of correspondence for delivery by overnight courier. Correspondence so collected and processed is deposited in a box or other facility regularly maintained by FedEx that same day in the ordinary course of business. On this date, a copy of said document was placed in a sealed envelope designated by FedEx with delivery fees paid or provided for, addressed as set forth herein, and such envelope was placed for delivery by FedEx at Call, Jensen & Ferrell, Newport Beach, California, following ordinary business practices.

[ ] (BY FACSIMILE TRANSMISSION) On this date, at the time indicated on the transmittal sheet, attached hereto, I transmitted from a facsimile transmission machine, which telephone number is (949) 717-3100, the document described above and an unsigned copy of this declaration to the person, and at the facsimile transmission telephone numbers, set forth herein. The above-described transmission was reported as complete and without error by a properly issued transmission report issued by the facsimile transmission machine upon which the said transmission was made immediately following the transmission.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on September 12, 2005, at Newport Beach, California.

Denise Reigel

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

Case 2:05-mc-00102   Document 2   Filed 09/13/05   Page 4 of 6

# SERVICE LIST

| | |
|---|---|
| Lynn Hubbard III<br>Scott Lynn J Hubbard, IV<br>Law Office of Lynn Hubbard<br>12 Williamsburg Lane<br>Chico, CA 95929<br>Fax No.: (530) 894-8244 | **Attorneys for Plaintiff** |

CALL, JENSEN &
FERRELL
A PROFESSIONAL
CORPORATION

Issued by the
# UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

GYPSIE JONES

v.

TRIPLE STAR, INC. DBA 7-ELEVEN; FIFTH STEVENSON PROPERTIES CORP.; AND DOES 1 THROUGH 10

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 04 CV 2186 JM (POR)

MC05-0102 PHX

TO: Linda J. Adams, 7940 E. Camelback #508, Scottsdale, Arizona 85251, 480/874-9766

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| AA Nichols Reporting, 2607 North Hayden Road, Scottsdale, AZ 85257 800/227-0577 | 9/26/05 1:00 p.m. |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
|  |  |

ISSUING OFFICER'S NAME ADDRESS AND TELEPHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on reverse)

[1] If action is pending in district other than district of issuance, state district under case number.

AO-88

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
| | |

**SERVED**

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or the demanding party to contest the claim.

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.